UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MIRTHA E. DAVALOS,
dba El Bosque Builders, LLC,
    Debtor.                            No. 7-09-13215 SS

**MEMORANDUM OPINION ON DEBTOR'S**
**<u>MOTION FOR RECONSIDERATION</u>**

This matter is before the Court on Debtor's pro se Motion for Reconsideration (doc 45) of an Order Granting Trustee's Motion to Sell Estate's Interest in Real Property Free and Clear of Liens (doc 42) and the Trustee's Response (doc 60). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court conducted a hearing on April 1, 2010 at which the Debtor asked questions and further presented her motion, and at which the Trustee (Yvette Gonzales), her former counsel (Douglas Booth), and the attorney for Century Bank (Donald Wolcutt) attended and were given the opportunity to speak. For the reasons set forth below, the Court finds that the Motion for Reconsideration is not well taken and should be denied.

Any motion filed within ten days of the entry of a judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion, regardless of how it is styled or construed. <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(Decided under previous version of Rule 59.) In this case the Order was entered on March 10, 2010 and the Motion for Reconsideration was filed on the same day.

Motions under Rule 59(e) to alter or amend a judgment should be granted only to present newly discovered evidence or to correct manifest errors of law.  <u>Id</u>. at 1324.  <u>See also</u> <u>Adams v. Reliance Standard Life Ins. Co.</u>, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000)(Same.)

**HISTORY OF THE CASE**

On July 23, 2009, Debtor filed a voluntary Chapter 7 petition and accompanying papers.  (Doc 1).  On her Schedule A she listed ten parcels of real estate, including 3038 Governor Lindsey Road, Santa Fe, New Mexico (her residence) and 843 Colonistas Campestres, Santa Fe, New Mexico (the property that is subject to this motion).  The residence was valued at $445,000 with a lien against it for $430,000.  Debtor claimed the $15,000 equity exempt on Schedule C under 11 U.S.C. § 522(d)(1).  The Colonistas property was valued at $210,000 with a lien against it for $195,455.64.  Debtor claimed $5,094.71 exempt on Schedule C under 11 U.S.C. § 522(d)(5).  The first meeting of creditors was scheduled for September 9, 2009.  (Doc 2).  The first meeting was held and concluded.  (Doc 18).  On September 14, 2009, the Trustee deferred a determination of assets.  (Docket entry after doc 19).  No timely objections were filed to Debtors' exemptions. On November 16, 2009, Debtor's discharge was entered.  (Doc 24). On November 17, 2009, the Final Decree was entered (doc 25) and the case was closed.  On November 19, 2009, the Court entered an

Order Setting Aside Final Decree and Reopening the Case and Notice of Appointment of Trustee. (Doc 27). The Order states: "It appearing to the court that a final decree closing case was inadvertently entered in this case on November 17, 2009, IT IS ORDERED that the final decree closing case entered on November 17, 2009, is set aside." The case was reopened on November 19, 2009. The Trustee filed a Report of Assets on December 22, 2009. The Trustee then learned that Debtor had a pending sale of Colonistas for $355,000. Trustee contacted the purchasers and received an offer to sell the Colonistas property for $352,000. Trustee filed a Motion to Sell Estate's Interest in Real Property Free and Clear of Liens on February 3, 2010. (Doc 33). The Motion to Sell provides that it will pay the Debtor's $5,094.71 exemption at closing. On February 24, 2009, Debtor, through counsel, filed an objection to the sale. (Doc 38). Debtor argues that the discharge, final decree and subsequent closure of the case acted as an abandonment under 11 U.S.C. § 554(c). Debtor also cites to Woods v. Kenan (In re Woods), 173 F.3d 770, 775 (10th Cir.), cert. denied, 528 U.S. 878 (1999) and Ohio v. Kovacs, 469 U.S. 274, 285 n 12 (1985). Debtor further argues that the subsequent reopening of the case does not alter the fact that all unadministered assets were abandoned "to the debtor." Debtor states that she now wants to live in the Colonistas property because all of her other properties have been

Page -3-

Case 09-13215-s7   Doc 62   Filed 04/01/10   Entered 04/01/10 14:31:35 Page 3 of 6

foreclosed.  Trustee replied on March 4, 2010, arguing that the Bankruptcy Clerk inadvertently closed the case, this error was recognized in the Order that set aside the final decree, and that Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b) allow the court to revoke a technical abandonment.  She also cites <u>Woods</u>.  (Doc 40). The Court held a hearing on the Motion and Objection on March 8, 2009, made findings and conclusions on the record, and granted the motion to sell.  (Minutes, Doc 41).

In the oral ruling, the Court stated the general rule that 11 U.S.C. § 554(c) is applicable only when there is a knowing and voluntary closing of the case[1].  Although Debtor argued that the case was not inadvertently closed, the Court found the case was closed through inadvertence[2].  Therefore, the technical abandonment rule should not apply.  As a second argument, Debtor argued that in <u>Woods</u>, 173 F.3d at 777, the Tenth Circuit stated that when a case is closed and then reopened, not necessarily all assets come back into the estate.  At the time, the Court did not accept this second argument because of the obvious mistake in

---

[1] <u>See</u> <u>Woods</u>, 173 F.3d at 778 ("Unlike an abandonment under § 554(a)-(b), which by very definition must be intentional and unequivocal and to which the general rule of irrevocability applies rather strictly, <u>see, e.g.</u>, <u>In re Gibson</u>, 218 B.R. 900, 904 (Bankr. E.D. Ark. 1997), a technical abandonment may occur inadvertently as an automatic consequence of premature case closing.")

[2] The Trustee had not yet filed a report of assets or a no-asset report.

Page -4-

closing this case.  Now, having reread Woods, the Court disagrees that the Tenth Circuit made this ruling at all.  In that portion of the opinion, the Tenth Circuit was setting out three approaches that various courts have taken on the issue of a Court's power to modify or revoke a technical abandonment.  173 F.3d at 776-77.  One of the approaches was the one identified by Debtor above.  The Tenth Circuit then stated "[w]e disagree with each of these approaches."

The Court entered a written order on the Motion on March 10, 2010. (Doc 42).  Debtor has filed a motion for reconsideration.

The Motion does not claim a manifest error of law, nor does it allege newly discovered evidence that was unavailable before the hearing.  Rather, it asks the Court to reopen the record to take additional evidence of facts that existed at the time of the hearing, most or all of which are irrelevant[3] to the issue before the Court, and to reargue points that the Court has already considered and found unpersuasive.  This is not the purpose of a

---

[3] The only issue technically before the Court is whether the inadvertent closing of the case prematurely caused an abandonment under Section 544(c).  Debtor's reconsideration motion does not deal with this issue.  Rather, the motion is a narrative about amounts in her credit union account; how she came to value the house at $210,000 instead of $352,000; how she came to decide to move from her primary residence into Colonitas; how she ran into the proposed purchasers accidentally; and how her primary residence is in foreclosure.  The Court has studied the Debtor's narrative and takes notice of the very difficult circumstances which confront Debtor.  The Court certainly sympathizes with Debtor, but is compelled to apply the law as it exists and to deny the motion.

Rule 59(e) motion.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  The Court will enter an Order denying the Motion for Reconsideration.

                                         /s/ James S. Starzynski
                                         Honorable James S. Starzynski
                                         United States Bankruptcy Judge

Date Entered on Docket:  April 1, 2010

Copies to:

Douglas Booth
1223 S St Francis Dr Ste C
Santa Fe, NM 87505-4053

Mirtha E. Davalos
3038 Governor Lindsey Rd.
Santa Fe, NM 87505

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

U.S. Trustee
United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Donald A Walcott
PO Box 9570
Santa Fe, NM 87504-9570